UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIE L. BOCKOVER,

                                                Docket No. 1:24-cv-634

    Plaintiff,

v

JEFFERY A. HARRISON and
HANNAH L. SHREVE,

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Katie L. Bockover, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendants, states as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is a Michigan third party automobile negligence claim arising out of a November 2, 2022 automobile collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

**THE PARTIES**

5. Plaintiff is a United States citizen and domiciled in the State of Michigan; her residence is currently located in the City of Coloma, County of Berrien, State of Michigan.

6.  By information and belief, Defendant Jeffery A. Harrison is a United States citizen and domiciled in the State of Indiana; by information and belief, his residence is located in the City of South Bend, County of St. Joseph, State of Indiana.

7.  By information and belief, Defendant Hannah L. Shreve is a United States citizen and domiciled in the State of Indiana; by information and belief, her residence is located in the City of South Bend, County of St. Joseph, State of Indiana.

## COUNT I - CLAIMS AGAINST DEFENDANT JEFFERY A. HARRISON

8.  Plaintiff incorporates by reference and realleges each paragraph, 1 through 7, as though fully set forth herein.

9.  On or about November 2, 2022, at or about 10:22 p.m., Plaintiff was a passenger in the 2006 Nissan Altima (VIN: 1N4AL11E26N350842) owned by Defendant Shreve and negligently operated by Defendant Harrison.

10. At the same time and place, Defendant Harrison was operating the 2006 Nissan Altima (VIN: 1N4AL11E26N350842) eastbound on East Snow Road in a careless and negligent manner such that he lost control, ran into a ditch, and struck a utility pole.

11. At the same time and place, Defendant Harrison owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Oronoko Township, Berrien County, Michigan.

12. Defendant Harrison did then and there display ordinary, gross, willful and wanton negligence and misconduct when he lost control of the vehicle he was operating, ran into a ditch, and struck a utility pole.

13. At the same time and place, Defendant Harrison was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

    a. in failing to drive with due care and caution;

    b. in failing to take all possible precautions to avoid any collision with a utility pole;

    c. in failing to make or renew observations of the conditions of traffic;

    d. in failing to operate the vehicle safely under the conditions then and there existing; and

    e. failing to keep the vehicle he was operating on the road.

14. Defendant Harrison was further negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Oronoko Township, Berrien County, Michigan.

15. Among those statutes Defendant Harrison violated include, but are not limited to the following: M.C.L. §257.677 (view or control of driver); M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); and others.

16. As a proximate cause of Defendant Harrison's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: multiple fractured ribs, fractured pelvis, fractured collarbone (requiring surgery), spinal injury (requiring surgery), permanent scarring, pain, and other injuries to other parts of her body, externally and internally, and some or all of which interfere with her enjoyment of life and caused Plaintiff great pain and suffering.

17. As a proximate result of her injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

18. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

19. Plaintiff claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed above.

20. Plaintiff also claims all economic damages, including damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law, i.e., medical bills, in excess of any personal injury protection benefits she is entitled to.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT II - CLAIMS AGAINST DEFENDANT HANNAH L. SHREVE

21. Plaintiff incorporates by reference and realleges each paragraph, 1 through 20, as though fully set forth herein.

22. At all relevant times, Defendant Shreve allowed the vehicle she owned to be driven, operated, and controlled by Defendant Harrison.

23. Defendant Shreve has civil liability to Plaintiff under MCL 257.401 for the negligent operation of the vehicle she owned which was negligently operated by Defendant Harrison.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: June 20, 2024

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com

## JURY DEMAND

Plaintiff, Katie L. Bockover, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: June 20, 2024

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com